IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARRIE EASTER-GREENE, *et ux.*     *

    Plaintiffs     *

v.     *    Civil Action No. 1:14-cv-01040-MJG

VERIZON MARYLAND, LLC, *et al.*     *

    Defendants     *

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF REMAND

### FACTUAL STATEMENT

Suit was filed herein in the Circuit Court for Baltimore City on February 20, 2014. Defendants, Harbor Group International, LLC and Harbor Group Management Company (hereinafter referred to as "Harbor Group") filed a Notice of Removal in this Court on April 3, 2014, reciting that they had been served on March 4, 2014. The remaining Defendant, Verizon Maryland, LLC was served on March 6, 2014.

Verizon filed its Answer to the Complaint on April 8, 2014. Neither the Harbor Group's Notice of Removal nor Verizon's Answer stated in any manner that Verizon had consented to removal from the State Court.

Thereafter, Harbor Group, in its Statement Concerning Removal filed on April 10, 2014 belatedly asserted that their counsel "spoke with counsel for Verizon Maryland, LLC, who consented to the removal." Even later, on April 15, 2014 Verizon filed its Statement Pursuant To Standing Order Concerning Removal, stating it had been served on March 6, 2014 and consented and joined in the removal. Such attempts are in violation of the mandate set forth in 28 U.S. C. 1446 (b) (2) (A), requiring all defendants, properly served to join in or consent to removal.

## ARGUMENT

A review of the decisions on the issue reveals that the requirement has been strictly enforced and that a failure in complying with the statute serves as a proper basis for remand back to the original court in which the case was filed. The opinion in *Barbour v. International Union*, 640 F.3d 599 (4th Circ. 2011) *(en banc), abrogated on other grounds by* U.S.C. sec. 1446(b)(2)(B) enunciated the standard to be applied to questions concerning removal to federal court, holding that removal statutes, in particular, must be strictly construed: "Doubts about the propriety of removal should be resolved in remanding the case to state court" *Id.* at 605. More pointedly, the Court ruled that all defendants must agree to the removal of the state court action, citing *Creary v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Circ. 1985) and *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The issue was before this Court in *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723 (D. Md. 2006). There, it was held that the Notice of Removal did not explain the failure of another defendant to join in or consent to the removal, holding that fact alone made the removal petition defective. *Id.* at 727. Decisions from other jurisdictions were cited, which had come to the same conclusion. The opinion in *Johnson* further characterized the mandate in the removal statute such that the consent of all defendants to removal is "not a mere technicality", rather it is "an important part of the burden carried by the party seeking removal jurisdiction." *Id.* at 728. The decisions also noted that it was in accord with the principle of strict construction of removal statutes. *Id.*

Earlier, in *Anne Arundel County v. United Pacific Insurance Co.*, 905 F. Supp. 277 (D. Md.1995) Judge Kaufman reviewed a situation where, as in the case *sub judice*, one defendant did not file any notice joining in or consenting to a removal petition filed by another defendant. The

Court granted the motion to remand, citing precedent for the proposition "where at least one properly joined defendant fails to join in removing defendant's petition for removal, case must be remanded to state court." *Id.* at 279.

Section 1446 (b)(2)(B) was amended by Congress in 2011 to provide as follows: "Each Defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *See also Moore v. Srehlak* Civil Action No. ELH-12-2727, 213 WL3683838 (D. Md. July 11, 2013) and *Letcher v. AC and S, Inc.* (Civil Action No. MJG-12-3051, 2012 WL 5995244 (D. Md. Nov. 28, 2012).

To be sure, the manner of satisfaction of the unanimity rule has achieved a degree of flexibility, as expressed in *Mayo v. Board of Education of Prince George's County*, 713 F.3rd 735, 741 (4th Cir. 2013), *cert. denied* 134 S. Ct. 901 (2014). There, the Court concluded "that a **notice of removal** signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." *Id.* at 742 (Emphasis supplied.)

That approach, however, does little to remedy the failure of Verizon to properly record its consent to removal. As noted above, Harbor Group's notice of removal does not indicate in any manner that Verizon had approved the removal. Verizon had made no attempt to join in the Notice of Removal, or otherwise indicate to the Court in a proper and timely manner that it consented to such removal. It had been properly served and filed its Answer without mentioning removal. Thus, the first mention of consent on its part was contained in Harbor Group's Statement, filed more than thirty days after either defendant had been served. That failure rendered the entire removal effort fatally defective. The subsequent attempt by Verizon to indicate its consent, contained in its

Statement Pursuant To Standing Order Concerning Removal is equally ineffective.

The Eighth Circuit Court of Appeals, in *Pritchett v. Cottrell, Inc.*, 512 F. 3rd 1057, 1062 (8th Cir. 2008), cited extensive authority for its finding that the rule requiring all defendants to consent to the removal was "well settled.". And the concurring opinion by Justice Kennedy in *Wisconsin Department of Corrections v. Schact*, 524 U. S. 381, 393, 118 S. Ct. 2047, 141 L. Ed.2d 364 (1998) indicated that the rule was over a century old.

The failure of Verizon to join in or consent to the removal in a proper and timely manner is a fatal omission. The decisions cited above demonstrate overwhelmingly that a violation of the Section 1446 mandate requires a remand of this action to the State Court.

## CONCLUSION

Based upon the factual circumstances herein and the authorities cited, Plaintiffs respectfully urge that this case be remanded to the Circuit Court for Baltimore City.

Respectfully submitted,

/s/
MARVIN I. SINGER
10 East Baltimore Street, Suite 901
Baltimore, Maryland 21202
(410) 685-1111
(410) 685-2372 (fax)
MISlaw1@yahoo.com (Email)

/s/
KIM PARKER
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
(410) 234-2612 (fax)
Kp@Kimparkerlaw.com (Email)

Attorneys for Plaintiffs