IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FARRIE EASTER-GREENE, *et ux.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:14-cv-01040-MJG |
| VERIZON MARYLAND, LLC, *et al.* | * | |
| Defendants | * | |

## MEMORANDUM IN SUPPORT OF ANSWER TO MOTION TO DISMISS

Plaintiffs submit this Memorandum in support of their Answer opposing the Motion to Dismiss filed by Defendants, Harbor Group Management Company and Harbor Group International, LLC. In their Memorandum, Defendants state in a brief footnote that the premises are owned by Crosswinds Gardens Associates, LP. Although Plaintiffs dispute that contention, since the Motion to Dismiss in not grounded upon the issue of ownership, it is not addressed herein.

## SUFFICIENCY OF ALLEGATIONS OF COMPLAINT

Defendants seek to escape liability on the basis that they have no responsibility for the installation on its property of a receptacle stated to have been installed by Verizon. Given the nature of the type of equipment utilized by Verizon, the installation obviously was made with the approval of the owners of the Property. Defendants do not contend otherwise. However, Defendants overlook the fact that the equipment was placed into the ground forming a part of the property still owned and/or managed by Defendants. And despite any agreement that may have been entered into by or among the Defendants, it does not permit these Defendants to shed responsibility for a defective condition that is a part of their property. In similar fashion, although an elevator car remains the property of the elevator company, once installed in a hotel or other type building, the building's

owner is not absolved from liability for the defective or negligent condition of such equipment.

The allegations of the Complaint pertain to the equipment located in receptacle and its defective condition. It is that which Verizon owns, but it is imbedded in the property owned and maintained by these Defendants. There is no indication that this particular area has been conveyed away, and it remains a part of the common area of the property.

To carry Defendants' contention to its ultimate conclusion necessitates the creation, in some undetermined manner, of a small island for which it has no responsibility, even though remaining a part of the property in question. That argument lacks any basis in the law.

Just as if the small excavation had filled with water and overflowed, thereby causing damage or injury, it is beyond reason to believe that Defendant could unilaterally renounce all responsibility. In fact, the receptacle and equipment within remain a part of the subject property, and Defendants owe the duties to those invitees, such as Ms. Greene, as set forth in the Complaint, even though the defective condition may have been created by a third party.

The Factual Statement in the Complaint alleges ownership and management of the property in question, in particular the "area immediately surrounding and adjacent to the premises leased by Plaintiffs." (¶1). The Complaint further states while crossing such area Ms. Greene stepped on the cover of such equipment box, which was "loose and unsecured" (¶3). Further, allegations that stated that such condition caused her to trip and fall (¶5), which violated Defendants' obligations with respect to the condition of the property, and their duty for the safety of the tenants thereon (¶6).

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The allegations of the Complaint, taken together, satisfy fully that requirement.

## STANDARD OF REVIEW

In their discussion of the applicable standard of review when considering a motion to dismiss, these Defendants cite to *Mylan Laboratories, Inc. v. Mathkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), which set forth the high standard that must be met in order to sustain a dismissal. Judge Murnaghan there relied upon *DeSole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (n. 4), which emphasized the Supreme Court's principle "that the purpose of pleading is to facilitate a property decision on the merits." Defendants also cite *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), in which Judge Niemeyer discussed at length the principles applicable to consideration of a motion to dismiss. The detailed description of the circumstances giving rise to this suit, as presented in the Complaint, are in accord with the basic policy enunciated in *Francis*." [T]he requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him."

## ARGUMENT

The basic principles applicable to consideration of the duty imposed upon a landlord was set forth in *Rivas v. Oxon Hill Joint Venture*, 130 Md. App. 101, 744 A.2d 1076, 1082 (2000):

> It is well-settled in Maryland that a landlord who leases a portion of his property to tenants and reserves another portion of the property for the common use of the tenants must exercise ordinary care to keep the common area reasonably safe. "[L]andlord liability in common areas is generally premised on the control a landlord maintains over the common areas. This duty stems in part 'from the responsibility engendered in the Landlord by his having extended an invitation, express or implied, to use the portion of the property retained by him.'" The landlord's duty to exercise reasonable care to keep common areas safe extends not only to his tenants but also to his tenants' guests. (Citations omitted.)

Moreover, a landlord's duty encompasses the need to "make reasonable periodic inspections"

3

in order to determine whether, if it had done so, "it would have discovered the dangerous condition." *Maans v. Giant of Maryland*, 161 Md. App. 620, 871 A.2d 627, 631 (2005). The *Maans* Court, citing established authority, further explained the nature of the duty by a possessor of land:

> The customer is entitled to assume that the proprietor will exercise reasonable care to ascertain the condition of the premises, and if he discovers any unsafe condition he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition. The duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers.

(Citations omitted.) *Id.* at 631. That holding is in accord with the generally recognized view that a landlord has "an affirmative obligation to exercise reasonable care to inspect." PROSSER AND KEETON ON LAW OF TORTS Sec. 63, at 442 (W. Page Keeton et al. eds. 5th ed. 1984).

Defendants' attack upon the sufficiency of the Complaint fail to properly evaluate the allegations of negligence as measured by the duty owed by the landlord. It is obvious that the property owner granted permission for the work performed by Verizon; yet that does not absolve the landowner from the duty imposed upon it by law. The duty to inspect and maintain the area in question may fall upon both Verizon and the landowner, but Harbor Group, under the facts alleged, is not freed from responsibility. A proper inspection, or regular inspections, by the landlord would have revealed the defective condition and the possible occurrence of injury. Paragraphs 6 and 7 of the Complaint specifically allege a failure to inspect and maintain the property; such allegations viewed together with the factual allegations are fully sufficient. And it is insufficient for Harbor Group to assert that any defective condition was created solely by Verizon.

The issue was before the Court of Special Appeals in *Dalmo Sales of Wheaton, Inc. v.*

*Steinberg*, 43 Md. App. 659, 406 A.2d 339 (1979), where Judge Wilner summarized established law by stating:

> So where a storekeeper invites the public to come upon his premises to buy his ware, he is held to a positive affirmative duty to protect them, not only against dangers which may arise from some defect or unsafe condition of the physical property upon which they are invited to enter, but against dangers which may be caused by negligent acts of his employees, or even of customers, where, as a reasonably prudent person, he should have anticipated the possible occurrence and the probable results of such acts.

*Id.* at 668-669. That decision also held that in considering forseeability the appropriate inquiry is not whether the actual harm was of a particular kind which was expectable, but rather "whether the actual harm fell within a general field of danger which should have been anticipated." *Id.* at 672-673.

The obligations and duties imposed upon Harbor Group International, LLC would apply equally upon Harbor Group Management Company, as its managing agent.

## CONCLUSION

The foregoing discussion, and the authorities cited, amply demonstrate that the allegations of the Complaint fully satisfy the pleading requirements. Accordingly, Plaintiffs respectfully urge the Court to deny the Motion to Dismiss filed by the Harbor Group Defendants.

Respectfully submitted,

/s/
MARVIN I. SINGER
10 East Baltimore Street, Suite 901
Baltimore, Maryland 21202
(410) 685-1111
(410) 685-2372 (fax)
MISlaw1@yahoo.com (Email)

/s/
KIM PARKER
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
(410) 234-2612 (fax)
Kp@Kimparkerlaw.com (Email)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of April, 2014 copies of the forgoing Answer to Motion to Dismiss and supporting Memorandum were mailed by first-class mail, postage prepaid and sent electronically to Andrew T. Stephenson, Esq. and Imoh E. Akpan, Esq., Franklin & Prokopik, The B&O Building, Two North Charles Street, Suite 600, Baltimore, Maryland 21201, astephenson@fandpnet.com and iakpan@fandpnet.com, *attorneys for Harbor Group International, LLC & Harbor Group Management Company* and William Jackson, Esq., Moore & Jackson, 350 Washington Avenue, Suite 401, Towson, Maryland 21204, Jackson@moorejackson.com, *Attorneys for Verizon, Maryland, LLC.*

/s/
KIM PARKER
MARVIN I. SINGER

6