IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FARRIE EASTER-GREENE, *et ux.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:14-cv-01040-MJG |
| VERIZON MARYLAND, LLC, *et al.* | * | |
| Defendants | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AMENDED NOTICE OF REMOVAL

The Amended Notice refers to Rule 15 (a)(1)(A) as ostensible authority to avoid the timely requirement for all parties to indicate their consent to removal. No authority has been cited to support the effort to escape the rigid requirements of 28 U.S.C. 1446 (b)(2).

The most prominent reason for striking the Amended Notice of Removal is Defendants misplaced reliance upon Rule 15(a)(1), permitting a party to "amend its pleading". However, Rule 7(a) delineates exactly what are considered pleadings, and a Notice of Removal (or an Amended Notice) is not including in the listing. The Rule is specific: "No other pleadings shall be allowed." Such preclusive effect has been applied to a motion to dismiss, *Albany Ins. Co. v. Almacendora*, 5 F.3d 907 (5th Cir. 1993), stating that motions are not "pleadings" and the amendment of a motion will not be permitted under the Rule.

It is apparent that this belated attempt to comply with the statute was brought about as a response to Plaintiffs' Motion For Order Of Remand and the authorities cited in its support. Such effort fails to satisfy the requirements of Rule 11 that the defenses or other legal contentions are warranted by existing law, or other factual contentions have evidentiary support. That the Defendants have failed to demonstrate that all of them have joined in or consented to the removal in a timely

manner is quite evident; and Harbor Group's filing of an Amended Notice of Removal is legally insufficient to remedy the deficiency.

To permit the introduction of Verizon's untimely consent to removal would be to eviscerate the requirement of the removal statute, to the prejudice of Plaintiff. The failure here is not a "technical defect" which might have been corrected within the statutory time period, rather it is a basic deficiency. The decision in *Macri v. M&M Contractors, Inc.*, 897 F. Supp. 381 (D.N.D. Indiana 1995) stated that "defects in removal procedures may only be cured within the statutory time period," absent waiver. *Id.* at 384. The Court ruled further, as follows:

> . . . The defendant bears the burden of meeting all of the statutory requirements for removal. 'The plaintiff has a right to remand if the defendant did not take the right steps when removing,' and 'a removed matter must be remandws if there are any defects in the removal procedure.'" *Id.* at 384 (Citations omitted.)

Of note also is the holding in *Van Horn v. Western Electric Co.*, 424 F. Supp. 920 (E.D. Michigan 1977) citing authority for the proposition that "where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded." *Id.* at 925. "An absence of allegations cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend on allegation, it seeks to introduce one not heretofore made." *Id.* The present Amended Notice of Removal, seeks to adopt an untimely consent by Verizon, which, in effect, seeks to introduce an allegation not previously made by Harbor Group in a proper and timely manner.

The policy underlying the removal statute was expressed in *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514 (E.D. Kentucky 1967), stating that the allegations of a request for removal

2

sufficient to establish jurisdiction are "fundamental" in nature. The Court there succinctly stated the applicable principle: "To permit an amendment after the expiration of the period of limitation for the filing of the petition for removal would be not to correct a defective allegation but to permit a new and hitherto unplead jurisdictional ground for removal." *Id.* at 516.

The several decisions of this Court, cited in Plaintiffs' Memorandum In Support of Motion For Order of Removal, together with the decisions by the Fourth Circuit of Appeals in *Barbour v. International Union*, 640 F. 3d 599 (2011) *en banc, abrogated on other grounds*, by U.S.C. Sec. 1446 (b)(2)(B), and *Mayo v. Board of Education of Prince George's County*, 713 F.3d 735 (2013), combine to exhibit a firm basis for rejecting the Amended Notice of Removal.

## CONCLUSION

Under the circumstances of this case, and on the basis of the authorities cited herein, Plaintiffs respectfully move to have the Amended Notice of Removal stricken.

Respectfully submitted,

/s/
MARVIN I. SINGER
10 East Baltimore Street, Suite 901
Baltimore, Maryland 21202
(410) 685-1111
(410) 685-2372 (fax)
MISlaw1@yahoo.com (Email)

/s/
KIM PARKER
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
(410) 234-2612 (fax)
Kp@Kimparkerlaw.com (Email)

Attorneys for Plaintiffs