IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FARRIE R. EASTER-GREENE, *et ux.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:14-cv-01040-MJG |
| VERIZON MARYLAND, LLC, *et al*. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT HARBOR GROUP'S RESPONSE IN OPPOSITION TO MOTION FOR ORDER OF REMAND**

Defendants, Harbor Group International, LLC and Harbor Group Management Company ("Harbor Group"), submit the following Memorandum of Points and Authorities in support of their Response in Opposition to Motion for Order of Remand.

**PRELIMINARY STATEMENT**

In their Motion for Remand, Plaintiffs contend that this case should be remanded to state court, because "[n]either the Harbor Group's Notice of Removal nor Verizon's Answer stated in any manner that Verizon had consented to removal from State Court." (*See* ECF No. 15-1, p. 1). Plaintiffs' maintain that this violates the mandate set forth in 28 U.S.C. 1446 (b) (2) (A) requiring all defendants, properly served to join in or consent to removal." (*See* ECF No. 15-1, p.1). However, prior to the filing its Notice of Removal, Verizon expressed to Harbor Group that it joined and consented to removal of this action from state court. Verizon also filed a timely Answer to Plaintiffs' Complaint. (*See* ECF No. 10). Additionally, prior to the filing of Plaintiffs' Motion for Order of Remand, Harbor Group filed a Statement Concerning Removal indicating that Verizon had consented removal of this action from state court and Verizon filed a Statement Concerning Removal indicating that it joined and consented to removal of this action

from state court.  (*See* ECF No. 13, ¶ 5; ECF No. 14, ¶3).    For these reasons and those set forth more fully below, Plaintiffs' Motion for Order of Remand should be denied.

## FACTUAL STATEMENT

On March 4, 2014, Harbor Group was served with the Complaint by certified mail. Harbor Group filed a timely Notice of Removal on April 3, 2014.  (*See* ECF No. 2).  Prior to filing its Notice of Removal, the undersigned spoke with Verizon's counsel who advised that Verizon joined and consented to removal.  (*See* Exhibit 1).

On April 4, 2014, this Court issued a Standing Order Concerning Removal, which ordered Harbor Group to file and serve a statement setting forth inter alia: "[i]dentification of any defendant who was served in the state court action prior to the time of removal who did not formally join in the notice of removal and the reasons why such defendant did not join."  (*See* ECF No. 8, ¶ 5).  On April 8, 2014, Verizon filed an Answer.  (*See* ECF No. 10).  On April 10, 2014, Harbor Group filed a Statement Concerning Removal, which stated: "[i]t is unknown whether Verizon Maryland, LLC was served prior to the time of removal" but "the undersigned spoke with counsel for Verizon Maryland, LLC, who consented to removal."  (*See* ECF No. 13, ¶ 5).  On April 15, 2014, Verizon filed a Statement Concerning Removal stating "Verizon Maryland LLC consents to and joints in the removal to federal court."  (*See* ECF No. 14, ¶ 3).

On April 23, 2014, Plaintiffs filed a Motion for Order of Remand and Memorandum in Support.  (*See* ECF Nos.15 and 15-1).  On April 24, 2014, Harbor Group filed an Amended Notice of Removal stating that "Verizon consents and joins in the removal of this action from state court." (*See* ECF No. 16).

## STANDARD OF REVIEW

"Because federal courts are courts of limited jurisdiction, a cause of action is presumed to lie outside of that limited jurisdiction, and the burden of establishing otherwise rests upon the party asserting jurisdiction." *Smith v. Giant Food, LLC*, 931 F.Supp.2d 717, 721 (D.Md. 2013). Removal jurisdiction is construed strictly because of the significant federal concerns implicated. *See Pallisades v. Collection LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008). "[I]f federal jurisdiction is doubtful, a remand to state court is necessary." *Id*.

## ARGUMENT

Section 1446 of Title 28 of the United States Code provides in pertinent part:

> **(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.
>
> **(2) (A)** When a civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

28 U.S.C. § 1441 (b). In *Mayo v. Board of Education of Prince George's County*, the Court of Appeals for the Fourth Circuit explained the procedures and requirements for removing a case to federal court based on diversity jurisdiction and involving multiple defendants. 713 F.3d 735 (4th Cir. 2013). The Fourth Circuit stated:

> The text of 28 U.S.C. § 1446 provides that to remove a case to federal court, '[a] defendant or defendants' (1) must file a notice of removal that includes a 'short and plain statement of the grounds for removal, together with a copy of all [previously served] process, pleadings, and orders'; (2) must sign the removal pursuant to Federal Rule of Civil Procedure 11, which in turn provides that the

notice must be 'signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented' and (3) must file the notice within 30 days after receipt of the complaint through service of process. . . . [T]he Supreme Court has construed the statute to include a 'unanimity requirement,' such that all defendants must consent to removal. **But neither the statute nor the Supreme Court's decisions have specified how defendants are to give their 'consent' to removal.**

*Id*. at 740-41(emphasis added) (internal citations omitted). Recognizing that the issue of "how defendants are to give their 'consent' to removal" had not been addressed by the Fourth Circuit, the Court explained that 28 U.S.C. § 1446 and Rule 11 "do not make clear how a case involving multiple defendants is to be removed in light of the requirement that all defendants must consent to removal." *Id*. at 741. The Court reiterated that "[§ 1446 and Rule 11] **do not . . . require that in a case involving multiple defendants where all defendants must consent to removal that each of the defendants sign the notice of removal or file a separate notice of removal complying with § 1446 (b)."** *Id*. at 742 (emphasis added).[1]

Prior to filing its Notice of Removal, the undersigned spoke with Verizon's counsel who advised that Verizon joined and consented to removal. (*See* Exhibit 1). Accordingly, Harbor Group's Notice of Removal was filed with Verizon's consent.[2] Even assuming that a "written" concurrence was required, Verizon's Answer was filed timely[3] and satisfied same. *See Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) ("Even assuming . . . [that] Kelly needed to file a written concurrence on his own behalf, it is clear that Kelly complied with

---

[1] *See also Mayo v. Bd. of Educ. Of Prince George's County*, 797 F.Supp.2d 685, 688 (D.Md. 2011) ("Nothing in 28 U.S.C. 1441 or 1446 imposes a requirement that a defendant submit a writing to the court reflecting consent to removal. All the removal statutes require is that the defendant consent to the removal.").

[2] *See Mayo*, 713 F.3d at 741 ("In *Darcangelo v. Verizon Communications, Inc*., 292 F.3d 181, 187 n. 2 (4th Cir. 2002), we noted that a defendant's notice of removal 'was filed with [the other defendant's] consent,' but we did not state how the other defendant expressed its consent.").

[3] Plaintiffs' Motion for Remand states that Verizon was served on or about March 6, 2014. (*See* ECF No. 15-1, p. 1). How service was made was not indicated. Verizon's Answer was filed on or about April 8, 2014. (*See* ECF No. 10). Assuming that service was made pursuant to Federal Rule of Civil Procedure 5 (b) (2) (C), (D), (E) or (F), Verizon's Answer was timely.

the rule [of unanimity] when he filed his answer within 30 days after being served with the complaint").

## CONCLUSION

For all the foregoing reasons, Harbor Group Management Company and Harbor Group International, LLC respectfully request that this Court deny Plaintiffs' Motion for Order of Remand.

Respectfully submitted,

_____/s/_____
Andrew T. Stephenson (#26504)
Imoh E. Akpan (#30070)
Franklin & Prokopik
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 752-8700
(410) 752-6868 (fax)
astephenson@fandpnet.com
iakpan@fandpnet.com
*Attorneys for Harbor Group International, LLC & Harbor Group Management Company*