IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FARRIE EASTER-GREENE, *et ux.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:14-cv-01040-MJG |
| VERIZON MARYLAND, LLC, *et al.* | * | |
| Defendants | * | |

**<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO HARBOR GROUP'S MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL</u>**

Initially, Defendants rely upon the provisions of 28 U.S.C. Sec. 1653 to support their belated attempt to remedy the deficient Notice of Removal. That Section permits the amendment of defective allegations of jurisdiction, upon terms, at the trial or appellate levels. To apply the gloss upon that Section for which Defendants contend would permit amendment to a removal notice long after the thirty day period mandated by 28 U.S.C. 1446(b)(2). The irrational result that follows from Defendants' contention would permit a case that has been tried in State court, after a defective notice of removal, and was then before an appellate court, to be removed upon the filing of an amended notice of removal. The squandering of judicial resources under such a scenario is obvious. Moreover, such an application of Sec. 16543 stands in stark contrast to the mandate of the removal statute, and renders meaningless the requirement that all defendants evidence consent to removal to the Court within thirty days of being served.

**<u>STATEMENT OF FACTS</u>**

Defendants' Memorandum in support of their attempt to amend their Notice of Removal pointedly fails to address the issue of timeliness presented in Plaintiffs' Motion to Strike

1

Amended Notice of Removal. In fact, Defendants do not dispute the chronology of the filings with the Court relating to consent to removal by Verizon. Instead, Defendants point to the filings in which consent was stated. Ignored is the critical issue of when such consents by all Defendants were filed, and whether they were in accord with the time requirements of the statute.

Because Defendants now content that their cumulative filings were timely, Plaintiffs are constrained to reiterate, in part, their previous recitation of what specifically was filed with the Court. Harbor Group timely filed its Notice of Removal on April 2, 2014, having been served on March 4, 2014, but it contained no indication that Verizon consented to such action. Verizon acknowledged that it had been served in the Circuit Court for Baltimore County on March 6, 2014, but in its Answer filed on April 8, 2014 made no mention of consenting to the removal. Thus, crucially, upon the expiration of thirty days from the date of service upon the last Defendant, Verizon had not indicated to the Court its approval. And although Harbor Group now alleges that Verizon had expressed its verbal consent to removal before the filing of the Notice of Removal, they failed to express that position in any manner filed within the thirty day window permitted by the statute.

The belated attempt to indicate that all Defendants consented to removal came in the form of Harbor Group's statement concerning Removal filed on April 10, 2014, and in Verizon's statement filed on April 15, 2014. As indicated herein, both of those filings did not comport with the time requirements of the statute. The sole reason for the Amended Notice of Removal is to assert Verizon's verbal consent, so as to formally interject into the pleadings an invalid consent.

**ARGUMENT**

The contention as to the support provided by the decisions cited by Defendants far exceeds the actual holdings of those cases. Specifically, the decision in *Covert v. Automotive Credit Corp.*, 968 F. Supp. 2d. 746, 750 (D. Md. 2013) provides strong support for a remand of this case to the state court, and undermines Defendants' claim that Sec. 1653 enables an amendment of a notice of removal for virtually an unlimited period of time. Addressing the ability to amend after the expiration of the thirty day period, it was ruled that "missing allegations may not be supplied nor new allegations furnished", and "if a ground for removal was completely omitted [as opposed to 'imperfectly stated'], the court has no discretion to permit amendment under Sec. 1653 and must remand the case to state court." *Id.* at 750. As previously stated, there is an absence of compliance with the "unanimity requirement" in any of the filings by the Defendants within thirty days of service upon the last of them.

Although the facts in *Covert* are dissimilar to the present case, Judge Bredar's review of the applicable principles reveals their relevance to the instant proceedings. The essential finding there was that the defendant "did not merely make a defective allegation, it utterly failed to allege a jurisdictional fact." 968 F. Supp. 2d at 750. The policy underlying the legislative requirement was concisely stated as follows:

> Allowing amendments to include entirely new allegations would "substantially eviscerate" the thirty-day time limit for removal prescribed by Congress in § 1446(b). *Council of Unit Owners of Fireside Condominium,* 2013 WL 2370515 at *3 (quoting *Mann Bracken*, 2012 WL 2921355 at *6). This definite time limit, prescribed by Congress, is necessary to allow parties quickly to know what court has jurisdiction over their case.

As pointed out herein, at no time during the thirty day period following service upon the

last of the Defendants was there any indication to the Court that Verizon had consented to removal. Whatever private conversations may have taken place between counsel for the Defendants are insufficient to satisfy the clear direction of the statute. Case law on this issue provides full support for a denial of the Notice of Removal and for a remand to the state court.

In the other case cited by Defendants, *Mayo v. Board of Education of Prince George's County*, 713 F.3d 735 (4th Cir. 2013), they misapprehend the actual holding. While the decision stated that a written consent need not be filed by each defendant, Judge Niemeyer made clear that compliance with the statute still requires a timely filing with the Court evidencing the consent to removal by all defendants. The essence of the holding was set forth as follows:

> "Moreover, we can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal. . . .
>
> \* \* \*
>
> Accordingly, we conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal. . . .
> 713 F.3d at 742.

Patently, Defendants herein have failed to satisfy that requirement.

Defendants' argument (Memorandum at 5) contains a mixture of allegations unsupported by the record. The statement by Harbor Group that the Notice of Removal was "filed with Verizon's consent" is misleading at best, as it disregards the clear requirement that indication of any such consent be included in a timely filing with the Court. An even greater separation from relevance is the statement that "Verizon's Answer was timely filed". *Id.* That Answer (ECF No. 10) was filed on April 8, 2014, beyond the thirty day period after service upon it for consenting

4

to removal. The assertion that such pleading "satisfied" the requirement for concurrence to the remand is completely at odds with the facts, for the Answer makes no mention at all of the removal. The first statement by Verizon consenting to removal appeared a week later in its Statement Pursuant To Standing Order Concerning Removal (ECF No. 14).

Harbor Group further alleges that its Amended Notice of Removal reflected that it's original Notice of Removal was valid since Verizon "timely joined in removal of this action by filing an Answer to Plaintiff's Complaint" (Memorandum at 5). Any such consent by Verizon was clearly not contained in its Answer.

Harbor Group also alleges in footnote 3 that Verizon's Answer was timely, suggesting, in some manner that the timeliness of that filing is somehow relevant to a proper expression of consent to removal. The established fact of service upon Verizon is evidenced by its recognition of service upon its resident agent on March 6, 2014. (Statement ECF No. 14, Para. 1.) Thus, the absence of a timely consent is firmly established.

Significant also is Defendants' inability to escape the impact of the several cases cited by Plaintiffs in their prior memoranda.[1] A reading of those decisions clearly established that Defendants' present attempt to amend their Notice of Removal is legally insufficient. Their position is in stark opposition to the requirements of the removal statute.

Section 1446 (b)(2)(B) was amended by Congress in 2011 to provide as follows: "Each Defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." That provision, entitled Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA") was considered in

---

[1] See Plaintiffs' Memorandum In Support of Motion For Order Of Remand and Memorandum In Support Of Motion To Strike Amended Notice of Removal.

*Moore v. Svehlak,* Civil Action No. ELH-12-2727, 213 W.L. 3683838 (D. Md. 2013): "Nothing in the JVCA suggests that Congress wished to provide an open-ended time for removal. To the contrary, the JVCA directs that each defendant is entitled to a thirty-day period after being served, and the House Judiciary Committee Report states that the JVCA is not intended to 'allow an indefinite period for removal.' Report at 14." *Id.*

Instructive also is the decision in *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723 (D. Md. 2006), addressing a factual situation similar to the one in the present case. Insofar as pertinent here, the second basis for the Court's remand to the state court there supports such action by this Court. Cited in support of such ruling was a decision by the District Court in West Virginia which refused to grant defendants' request that they be allowed to cure their failure to file a notice of removal joined by all defendants. "[T]he failure to file a notice joined by both Nutrex and GNC is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired." 429 F. Supp. 2d at 728.

That decision also relied upon a ruling of Judge Joseph H. Young in *Egle Nursing Home Inc. v. Eric Insurance Group,* 981 F. Supp. 932 (D. Md. 1997), which granted a motion to remand and denied a defendant's motion to correct defect by amending its notice of removal to reflect consent of all defendants. That case held that "the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction." *Id.* 935. Another decision from a district court in this Circuit was cited which is most apropos to the issue now under consideration. In that instance the defendants' notice of consent outside of the thirty-day statutory period for removal was found to be insufficient to constitute consent for removal under the statute. *Id.* The cited holding observed that to hold

otherwise would violate the principle of strict construction of removal statutes, and "effectively negate the mandatory requirements of 28 U.S. C. 1446." 429 F. Supp. 2d at 728.

## CONCLUSION

The absence of any timely statement as to consent, so as to satisfy the "unanimity requirement" is clearly established herein. Further, in view of such circumstances it is evident that controlling law prohibits the acceptance of an amended notice of remand, and the Amended Notice of Removal should be stricken, or alternatively leave to amend the Notice of Removal should be denied. For the reasons advanced herein, and upon the authorities cited, Plaintiffs respectfully urge that such action is proper.

Respectfully submitted,

\_\_/s/_____
MARVIN I. SINGER
10 East Baltimore Street, Suite 901
Baltimore, Maryland 21202
(410) 685-1111
(410) 685-2372 (fax)
MISlaw1@yahoo.com (Email)


\_/s/_____
KIM PARKER
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
(410) 234-2612 (fax)
Kp@Kimparkerlaw.com (Email)
Attorneys for Plaintiffs