IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARRIE R. EASTER-GREENE et al.   *

              Plaintiffs        *

            vs.                 *    CIVIL ACTION NO. MJG-14-1040

VERIZON MARYLAND, LLC, et al.   *

              Defendants        *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER RE: REMAND

The Court has before it Defendant Harbor Group Management Company and Harbor Group International, LLC's Motion to Dismiss [Document 11], Plaintiffs' Motion for Order of Remand [Document 15], Plaintiffs' Motion to Strike Amended Notice of Removal [Document 18], Plaintiffs' Motion for Order of Remand [Document 20], Harbor Group's Motion for Leave to Amend Notice of Removal [Document 26], and the materials submitted relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

I.   BACKGROUND

Plaintiffs Farrie R. Easter-Greene and Anthony J. Greene, Sr. (the "Greenes"), Maryland citizens, have sued Verizon Maryland LLC ("Verizon"), a Delaware and New York corporation, and Harbor Group International, LLC and Harbor Group Management

Co. (collectively "the Harbor Defendants"), Virginia

corporations, in connection with injuries that Ms. Easter-Greene

sustained in September 2011 when she tripped and fell over a

Verizon equipment box.  The Greenes assert claims in six Counts[1]:

Count I    - Negligence

Count II   - Tort Arising from Breach of Contract

Count III  - Breach of Contract

Count IV   - Nuisance

Count V    - Negligence

Count VI   - Joint Claim of Plaintiffs as to all Defendants

The Greenes brought suit in the Circuit Court for Baltimore

City, Maryland on February 20, 2014.[2]  On April 3, the Harbor

Defendants filed a Notice of Removal in this Court.  By their

instant Motions, the Greenes seek remand, contending that the

Notice of Removal did not comply with the requirements of 28

U.S.C. § 1446.


II.  JURISDICTION

The removal statute, 28 U.S.C. § 1441(a), provides that:

> any civil action brought in a State court of
> which the district courts of the United

---

[1]    Counts I – III are asserted against the Harbor Defendants
only.  Count V is asserted against Verizon only.  Counts IV and
VI are asserted against all three Defendants.
[2]    All date references herein are to the year 2014 unless
otherwise indicated.

> States have original jurisdiction,[3] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A defendant who wishes to remove a case to federal court must, "within 30 days after the receipt . . . of a copy of the initial pleading":

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Id. § 1446(a), (b)(1).  As to a case with multiple defendants:

> (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

---

[3]   The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

Id. § 1446(b)(2)(A)-(B).

"[T]he Supreme Court has construed [§ 1446] to include a 'unanimity requirement,' such that all defendants must consent to removal." Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 741 (4th Cir. 2013) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002), cert. denied, 134 S. Ct. 901 (2014).  "The removal jurisdiction of the federal courts is to be 'scrupulously confined,' and '[i]f federal [removal] jurisdiction is doubtful,'" – i. e., if unanimous consent to removal is lacking – '"a remand is necessary.'" Egle Nursing Home, Inc. v. Erie Ins. Grp., 981 F. Supp. 932, 933 (D. Md. 1997) (alterations in original) (citations omitted).

The Greenes seek remand of the instant case to the Circuit Court for Baltimore City on the grounds that the Harbor Defendants' Notice of Removal is defective because it does not state that Verizon joined in, or consented to, removal within 30 days after being served with the Complaint.  The Harbor Defendants assert that the explicit consent of Verizon was not required, and that even if such consent were required, Verizon's Answer to the Complaint satisfies the requirements of § 1446. Further, the Harbor Defendants contend that if explicit consent was required and Verizon's Answer is not sufficient, they should

be permitted to amend the Notice of Removal to reflect Verizon's

consent.


III. <u>DISCUSSION</u>

A.   <u>Timeline of Filings</u>

A timeline of the parties' filings is helpful for

understanding the removal dispute.

Feb. 20    The Greenes filed the underlying lawsuit in the
           Circuit Court for Baltimore City.

March 4    Harbor Group served with Complaint.

March 6    Verizon served with Complaint via certified mail.[4]

April 3    The Harbor Defendants removed case to this Court.

April 4    This Court issued a Standing Order Concerning
           Removal," stating that all removing parties shall
           file a statement that, <u>inter</u> <u>alia</u>, identifies "any
           defendant who was served in the state court action
           prior to the time of removal who did not formally
           join in the notice of removal and the reasons why
           such defendant did not join." [Document 8] ¶ 5.

April 8    Verizon filed its Answer to the Complaint in this
           Court.

April 10   The Harbor Defendants filed their Motion to
           Dismiss.

April 10   The Harbor Defendants responded to the Court's
           April 4 Order, stating that "It is unknown whether
           Verizon Maryland, LLC was served prior to the time
           of removal.  However, the undersigned spoke with

---

[4]    According to the Maryland Judiciary Case Search, a writ of
summons was served on Verizon on March 4, 2014.  However, since
the parties seem to agree that the service date was March 6, and
since the two-day difference is immaterial, the Court will assume
that service was effected on March 6.

counsel for Verizon Maryland, LLC, who consented to the removal." [Document 13] ¶ 5.

April 15    Verizon responded to the Court's April 4 Order, stating that it "consents to and joins in the removal to federal court." [Document 14] ¶ 3.

April 23    The Greenes filed their first Motion for Order of Remand.

April 24    The Harbor Defendants filed their Amended Notice of Removal, adding a ninth paragraph - "Verizon consents and joins in the removal of this action from state court." [Document 16] ¶ 9.

May 2       The Greenes filed their Motion to Strike Amended Notice of Removal.

May 2       The Greenes filed their second Motion for Order of Remand.

May 13      Verizon filed its Response in Opposition to Plaintiffs' Motions to Remand.

May 20      The Harbor Defendants filed their Motion for Leave to Amend Notice of Removal.


B.    The Harbor Defendants' April 3 Notice of Removal

The Greenes contend that the Notice of Removal is defective because it "does not indicate in any manner that Verizon had approved the removal." [Document 15-1] at 3.  The Harbor Defendants[5] argue that § 1146 does not require explicit written consent and that consent-in-fact to removal is sufficient. According to the Harbor Defendants, the Notice of Removal satisfies § 1146 because, prior to removing the case, counsel for

_____

[5]    As well as Verizon, which "note[d] its adoption of Harbor Group's Response in Opposition to Motion for Order of Remand." [Document 23] at 1.

the Harbor Defendants spoke with counsel for Verizon who "advised

that Verizon joined and consented to removal."[6]  [Document 22-1]

at 4.

Explaining the unanimity requirement of § 1446, the United

States Court of Appeals for the Fourth Circuit has stated:

> [Section 1446 and Fed. R. Civ. P. 11] do not,
> however, require that in a case involving
> multiple defendants where all defendants must
> consent to removal that each of the
> defendants sign the notice of removal or file
> a separate notice of removal complying with §
> 1446(b).
>
> Moreover, we can see no policy reason why
> removal in a multiple-defendant case cannot
> be accomplished by the filing of one paper
> signed by at least one attorney, representing
> that all defendants have consented to the
> removal. . . .
>
> Accordingly, we conclude that a notice of
> removal signed and filed by an attorney for
> one defendant representing unambiguously that
> the other defendants consent to the removal
> satisfies the requirement of unanimous
> consent for purposes of removal.

Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 742

(4th Cir. 2013).

---

[6]     In an email exchange between counsel for the Harbor
Defendants and counsel for Verizon dated April 3, counsel for
Verizon wrote "I'm not sure, maybe I missed it, that [the Notice]
says that Verizon Maryland LLC joins in or consents to the
removal.  If you need to in any fashion, you are authorized to so
represent."  [Document 22-2].  In the Harbor Defendants'
statement in the April 10 response to the Court's Standing Order
Concerning Removal, they state that they were unaware whether
Verizon actually had been served with the Complaint at the time
the Harbor Defendants filed the Notice of Removal.  See [Document
13] ¶ 5. Any issue regarding this matter would be moot, however.

The *Mayo* decision stated that "neither [§ 1446] nor the Supreme Court's decisions have specified how defendants are to give their 'consent' to removal." *Id.* at 741.  The Harbor Defendants wish to rely on this statement to support their contention that that their Notice of Removal satisfied § 1446 because counsel for the Harbor Defendants had received consent to removal from counsel for Verizon via email.  The Harbor Defendants' reliance is misplaced.  The notice of removal at issue in *Mayo*, which was filed by the School Board and its chair, but not by the employees' union, explicitly "stated that the Union had been consulted and had 'agree[d] with the removal of this action to federal court.'" *Id.* at 739.  Thus, the Fourth Circuit concluded that the notice of removal was "signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent[ed] to the removal." *Id.* at 742.

In the instant case, however, there is absolutely no reference in the Notice of Removal – filed by the Harbor Defendants only – to Verizon's decision joining in or consenting to removal.  That is, the Notice of Removal lacks any statement of concurrence or other unambiguous representation that all Defendants consented to removal.

Faced with a Notice of Removal similar to the one at issue in the instant case, Judge Titus of this Court stated:

> Nutrex's Notice of Removal indicates that its first notice of this action was by its receipt on December 22, 2005, and that GNC's first notice of this action was by its receipt on December 30, 2005. Both Defendants therefore had notice of this action at the time that Nutrex filed a Notice of Removal on January 19, 2006. However, GNC failed to join in the Notice of Removal or otherwise indicate its consent to removing the action to federal court. Nutrex's Notice of Removal does not explain why GNC did not join Nutrex in removing the case or suggest that GNC for some reason was not required to join in or consent to the removal in a timely manner. This alone makes the removal petition defective.

Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 727 (D. Md. 2006) (emphasis added).[7]

Here, the Harbor Defendants were served with the Complaint on March 4 and Verizon was served on March 6. All Defendants, therefore, had notice of the lawsuit when the Harbor Defendants filed the Notice of Removal on April 3. However, the Notice of Removal does not assert that Verizon joined in or consented to removal. Nor does it refer to, or explain, the absence of such consent. The only reference to Verizon in the Notice of Removal

---

[7]   See also Anne Arundel Cnty., Md. v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) ("GPI was served by the County on September 27, 1995. Because GPI did not file any notice joining in or consenting to UPIC's removal petition, or submit any written documentation to this Court of its intent to join, by October 27, 1995, removal is defective. For that reason, this Court will grant the County's motion to remand.").

9

is the allegation that "[u]pon information and belief, Verizon
Maryland, LLC is a limited liability corporation and is a citizen
of Delaware and New York." [Document 1] ¶ 5.  The Harbor
Defendants' suggestion that this Court find compliance with §
1446 based upon the email exchange between counsel has no support
in case law and runs counter to the Fourth Circuit's strict
construction of § 1446 that consent to removal must be clear and
unanimous.

Accordingly, the original Notice of Removal filed on April
3, 2014 is defective.


C.   Verizon's April 8 Answer to the Complaint

The Harbor Defendants contend that any alleged defect in the
Notice of Removal was cured when Verizon filed its Answer to the
Complaint in this Court on April 8.  The Court will assume that
the Answer was filed timely, although there appears to be a basis
for doubt as to its timeliness.[8]   The Greenes argue that

---

[8]   Verizon was served with the Complaint on March 6 via
certified mail and filed its Answer on April 8.  See [Document
22-1] at 4.  Under Fed. R. Civ. P. 12(a)(1)(A)(i), "[a] defendant
must serve an answer . . . within 21 days after being served with
the summons and complaint."  Verizon contends that its Answer was
timely under Fed. R. Civ. P. 81, which states that "[a] defendant
who did not answer before removal must answer or present other
defenses or objections under these rules within the longest of
these periods . . . 7 days after the notice of removal is filed."
Fed. R. Civ. P. 81(c)(2)(C); see [Document 23].  Verizon contends
that it had 7 days from April 3 to file the Answer.  In the

Verizon's Answer does not satisfy § 1446 because it does not "state[] in any manner that Verizon had consented to removal from State Court." [Document 15-1] at 1.

The Harbor Defendants rely on a decision from the U.S. Court of Appeals for the Sixth Circuit, which stated:

> Even assuming, _arguendo_, that the statement of concurrence in the notice of removal did not satisfy the rule of unanimity because Kelly needed to file a written concurrence on his own behalf, it is clear that Kelly complied with the rule when he filed his answer within 30 days of being served with the complaint. Harper's complaint was personally served on Kelly on July 24, 2002. In his answer, filed on August 21, 2002, Kelly stated, "Defendant Kelly asserts that the proper jurisdiction and venue for this case is the U.S. District Court for the Eastern District of Michigan, Southern Division." Thus, the district court correctly concluded that Kelly's answer complied with the rule of unanimity.

Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004) (emphasis added).

The instant case is not, however, analogous to Harper. Verizon's Answer is silent not only on removal, but also on jurisdiction and venue as being proper in this Court. The Harper decision does not provide an example of an Answer analogous to Verizon's being accepted as satisfying § 1446.[9]

---

absence of authority cited by any party, the Court will assume that Verizon is correct.

[9]   In Harper, the Sixth Circuit stated that "the fact that Kelly subsequently [but, within the period for filing a consent]

No appellate court appears to have addressed the issue of whether an answer to a state-court complaint that is filed in federal court within the 30-day period after service, but is wholly silent on removal and jurisdiction satisfies the unanimity required by § 1446.[10]  However, numerous district courts, when faced with such facts, have held that the answer did not satisfy the removal statute.  For example, in Unicom Sys., Inc. v. Nat'l Louis Univ., a judge for the U.S. District Court for the Eastern District of Virginia noted:

opposed Harper's motion to remand cured any purported defect in the removal petition."  Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004); see also City of Cleveland v. Deutsche Bank Trust Co., 571 F. Supp. 2d 807, 815-16 (N.D. Ohio 2008) ("[A]lbeit in dicta, Harper supports the legal proposition that a co-defendant can express its consent to removal merely by opposing a plaintiff's motion to remand.  Here, Defendants unanimously opposed the City's motion (Doc. Nos. 68, 71, 89), and did so within thirty days of removal.").  In the instant case, the parties have not argued that Verizon filing an opposition to the Greenes' motion to remand qualifies under Fourth Circuit authority as consent to removal.  But, even if an opposition to remand did so qualify, Verizon filed its Response in Opposition [Document 23] to the Motion to Remand on May 13 – more than 30 days after April 3 when the Harbor Defendants removed the case and roughly a month outside the period during which Verizon was permitted to join in or consent to removal.

[10]  In Mayo v. Board of Education of Prince George's County, the Fourth Circuit did adopt the Sixth Circuit's analysis in Harper as it pertained to a notice of removal that expressly states it was filed with the consent of all defendants.  See 713 F.3d 735, 741 (4th Cir. 2013) ("Approving a less formal process — the procedure used by the defendants in this case — the Sixth Circuit has held that a notice of removal filed by three defendants which stated that the fourth defendant concurred in the removal satisfied the rule of unanimity." citing Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004)).  However, this does not indicate that the Fourth Circuit would accept Verizon's filing of its Answer as adequate to satisfy § 1446.

On January 27, 2003, defendants NLU and MLU
filed a joint notice of removal to federal
court.   Thereafter, on February 4, 2003,
defendant TC filed its answer in federal
court.   Significantly, this answer contained
no explicit consent to the removal notice,
nor any demand or request to remand the case
to state court; indeed, the answer contained
no reference at all to removal.

. . . .

TC further argues that the filing of its
answer on February 4, 2003, within the thirty
day removal time period, is sufficient to
constitute consent to the removal petition.
This argument also fails. The Fourth Circuit,
consistent with the strict construction of
removal statutes, has held that "all
defendants must affirmatively and
unambiguously assert their desire to remove
the case to federal court."   An answer that
is wholly silent on removal, as here, falls
far short of this standard and many courts
have so held.

262 F. Supp. 2d 638, 639-40, 641-42 (E.D. Va. 2003) (emphasis

added) (citations omitted).   The court in Unicom explained that

"the filing of an answer is an 'ambiguous act' that is not

necessarily consistent with consent to removal" because an answer

that does not reference removal "might well have been filed for a

variety of reasons unrelated to removal, including a desire to

avoid default or to expedite the case."[11]   Id. at 642.

---

[11]   See also Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F.
Supp. 2d 638, 639-40, 642-43 (E.D. Va. 2003) ("Under plaintiff's
reasoning, defendant's filing of an answer should be deemed a
'waiver' of its right to decline consent to the removal.  That an
answer, silent on the issue of removal, should be given

Other district courts in other circuits have reached
conclusions similar to that reached by the court in Unicom.  See,
e.g., Premier Holidays Int'l, Inc. v. Actrade Capital, Inc., 105
F. Supp. 2d 1336, 1338 (N.D. Ga. 2000) ("Courts in this
jurisdiction have gone so far as to hold that, even if a
defendant answers within the 30 day period in the federal court,
an answer that is silent on whether the defendant consents to the
removal does not constitute proper consent."); Williams v. Howard
Univ., 984 F. Supp. 27, 30 n.4 (D.D.C. 1997) ("[T]he mere filing
of a pleading or motion in federal court is insufficient to
demonstrate an unambiguous consent to removal."); Landman v.
Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995)
("Because courts strictly construe the removal statutes, the
parties must meticulously comply with the requirements of the
statute to avoid remand. The filing of an answer is an ambiguous
act in this regard.").  But see Glover v. W.R. Grace & Co., Inc.,
773 F. Supp. 964, 965 (E.D. Tex. 1991) ("Crosfield, however, did
not manifest its consent, by filing an answer in this court,
until April 2, 1991, thirty-four days after it received a copy of
the plaintiffs' petition. . . . Here, Crosfield's consent to
Grace's removal was merely four (4) days late. . . . This court
declines to elevate form over function. Accordingly, the

conclusory weight over an explicit notice of non-consent reveals
the weakness in plaintiff's argument.").

plaintiffs' motion to remand should be, and hereby is, in all things, DENIED."), disapproved of by Snead v. Woodbine Prod. Corp., CIVA 08-1301, 2008 WL 4610236 (W.D. La. Oct. 11, 2008).

This Court is persuaded by the reasoning of the Unicom case from the Eastern District of Virginia and cases from other federal district courts that have held that an answer to a state-court complaint that is filed in federal court but is silent as to removal, jurisdiction, and/or venue is insufficient to demonstrate unanimous consent to removal.

Accordingly, the April 8 Answer to the Complaint filed by Verizon does not satisfy the unanimity requirement of § 1446.

D.    The Harbor Defendants' May 20 Motion for Leave to Amend Notice of Removal

The Harbor Defendants contend that they should be permitted to amend their Notice of Removal, pursuant to 28 U.S.C. § 1653, to "reflect[] that [their] original Notice of Removal was filed with the consent of Verizon."[12]  [Document 26-1] at 5.  The

_____

[12]    The Harbor Defendants argue that Verizon timely joined in and consented to removal by virtue of Verizon filing a Statement Pursuant to Standing Order Concerning Removal, which states "Defendant Verizon Maryland LLC consents to and joins in the removal to federal court."  [Document 14] ¶ 3.  However, this Statement was filed on April 15, roughly a week after Verizon was required to join in or consent to removal.  The Harbor Defendants filed a Statement Concerning Removal on April 10 that states, "the undersigned spoke with counsel for Verizon Maryland, LLC, who consented to the removal," [Document 13] ¶ 5, but that

Greenes argue that a notice of removal cannot be amended under §
1653 when the notice was defective because of the failure to
satisfy the unanimity requirement.  See [Document 29] at 3, 6-7.

Under 28 U.S.C. § 1653, "[d]efective allegations of
jurisdiction may be amended, upon terms, in the trial or
appellate courts."  In Covert v. Auto. Credit Corp., Judge Bredar
of this Court observed that:

> Within the Fourth Circuit, district courts have
> split into two school[s] regarding the application
> of § 1653 after the thirty-day window for removal
> under § 1446(b) has elapsed.  This Court has
> frequently adhered to a "strict constructionist"
> approach under which amendments after § 1446(b)'s
> thirty-day period are allowed "only for the
> purpose of setting forth more specifically grounds
> that had been imperfectly stated in the original
> petition; missing allegations may not be supplied
> nor new allegations furnished."
>
> By contrast, some of our sister courts have
> adopted a more liberal approach of allowing
> supplemental allegations where "the imperfection
> in the jurisdictional allegation is a 'mere
> defect.'"  Muhlenbeck v. KI, LLC, 304 F.Supp.2d
> 797, 801 (E.D.Va.2004).  However, even under this
> liberal approach "[i]f a ground for removal was
> completely omitted [as opposed to 'imperfectly
> stated'], the court has no discretion to permit
> amendment under § 1653 and must remand the case to
> the state court."

968 F. Supp. 2d 746, 750 (D. Md. 2013) (citations omitted).

The Fourth Circuit has ruled "that an amendment [to a notice
of removal] which merely perfects a technically defective

---

Statement also was filed outside of the timeframe in which
Verizon was permitted to consent to removal.

jurisdictional allegation in a timely filed removal petition may be allowed after the 30-day removal period." Nutter v. New Rents, Inc., 945 F.2d 398, at *2 (4th Cir. 1991) (unpublished disposition). In Nutter, the Fourth Circuit upheld a district court's decision permitting amendment of a notice of removal when "New Rents' original notice of removal identified diversity as the ground for removal, and stated that New Rents was a 'Kentucky corporation' [and t]he amendment simply clarified this by specifying that Kentucky was New Rents' 'principal place of business.'" Id.; see also D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146 (5th Cir. 1979) ("In their original petition for removal the insurers failed to specifically allege the citizenship of the parties . . . . Appellants moved to remand the cause to state court, citing the failure to specifically allege citizenship. The district court allowed the insurers to amend their removal petition to cure the omission, and denied the motion to remand. The appellants argue that the missing allegation is a fatal omission which cannot be cured by amendment. We disagree.").

The parties have not pointed to any federal appellate case that has addressed amendments to a notice of removal under § 1653 in the context of a defect in the unanimity requirement required by § 1446 for a multi-defendant case. In Johnson v. Nutrex

_Research, Inc._, Judge Judge Titus of this Court considered such

circumstances, noting:

> The Defendants never sought to amend their
> Notice of Removal, and even if they had, it
> would not be proper here because the failure
> to file a notice joined by both Nutrex and
> GNC is not a mere technical defect of the
> type that courts have permitted a removing
> defendant to correct after the time for
> removal has expired.  GNC was in receipt of a
> copy of the complaint on December 30, 2005,
> but failed to join in or consent to Nutrex's
> Notice of Removal, and failed to otherwise
> indicate its consent in the thirty-day window
> in which removal was proper. Therefore, in
> accordance with the strict construction of
> removal statutes, this Court will remand this
> case to the Circuit Court for Prince George's
> County due to the failure of GNC to timely
> join in or consent to the removal of this
> case as required by 1446(a).

429 F. Supp. 2d at 727-28 (citations omitted); see also Nat'l

Union Fire Ins. Co. of Pittsburgh, Pa. v. Louth, 40 F. Supp. 2d

776, 783 (W.D. Va. 1999) ("The court will deny defendants'

request that they be allowed to cure their failure to file a

notice of removal joined by all defendants. . . . The lack of

joinder or consent by each and every defendant to the notice of

removal represents a much more significant defect than those at

issue in the cases cited by defendants."); Egle Nursing Home,

Inc. v. Erie Ins. Grp., 981 F. Supp. 932, 935 (D. Md. 1997) ("The

Court will therefore grant Egle's motion to remand and deny

Northern's motion to correct this defect by amending its notice

of removal.  As stated, removal jurisdiction is strictly

construed.  The weight of authority holds that amendments of a notice of removal after the initial thirty-day period for removal has passed are permitted only to correct technicalities or to set out more specifically the grounds for removal already stated in the original notice. . . . [T]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.")

In the instant case, the Harbor Defendants filed their Amended Notice of Removal, adding a ninth paragraph that states "Verizon consents and joins in the removal of this action from state court," on April 24.  [Document 16] ¶ 9.  April 24 falls well outside the period during which Verizon was permitted to join in or consent to removal.  The Court finds the reasoning of other judges of this Court persuasive.  This Court adheres strictly to the requirements of the removal statute.  To permit a defendant to amend a notice of removal to add that another defendant joins in or consents to removal, when such an allegation was completely absent from the original notice of removal, would be akin to "[a]llowing amendments to include entirely new allegations[, which] would 'substantially eviscerate' the thirty-day time limit for removal prescribed by Congress in § 1446(b)."  Covert, 968 F. Supp. 2d at 750.

Accordingly, the Court shall deny the Harbor Defendants' Motion for Leave to Amend Notice of Removal.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

      1.   Defendant Harbor Group Management Company and
          Harbor Group International, LLC's Motion to
          Dismiss [Document 11] is DENIED AS MOOT.

      2.   Plaintiffs' Motion for Order of Remand [Document
          15] is GRANTED.

      3.   Plaintiffs' Motion to Strike Amended Notice of
          Removal [Document 18] is DENIED.

      4.   Plaintiffs' Motion for Order of Remand [Document
          20] is DENIED AS MOOT.

      5.   Harbor Group's Motion for Leave to Amend Notice of
          Removal [Document 26] is DENIED.

      6.   A separate Order of Remand shall be issued
          herewith

SO ORDERED, on <u>Wednesday, July 23, 2014</u>.


                             _____/s/_____
                             Marvin J. Garbis
                  United States District Judge